## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RAUL CHAVEZ,
    *Petitioner*,

    v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:19-cv-323 (JAM)

## ORDER DISMISSING MOTION FOR POST-CONVICTION RELIEF WITHOUT PREJUDICE

Raul Chavez has moved for post-conviction relief pursuant to 28 U.S.C. § 2255 at the same time that his direct appeal from his conviction is pending. I conclude that the best way forward in this case is to dismiss the section 2255 motion without prejudice to its renewal either after the direct appeal is decided or before that time, provided it is accompanied by a statement from Chavez expressly requesting that I adjudicate the motion prior to the determination of his appeal.

### BACKGROUND

On January 11, 2017, the Court sentenced Raul Chavez to a term of 144 months of imprisonment following his conviction after a guilty plea on a charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine. *See United States v. Chavez*, No. 3:14-cr-185-JAM-1, Doc. #489 (D. Conn. Jan. 13, 2017); *see also United States v. Chavez*, 2015 WL 1650838 (D. Conn. 2015) (describing background facts).

By letter dated January 17, 2017, Chavez filed a notice of appeal from his conviction. *See Chavez*, No. 3:14-cr-185-JAM-1, Doc. #504. The Second Circuit's docket reflects that on February 27, 2017, the Second Circuit granted the motion of Chavez's retained trial counsel—

Attorney Scott Gleason—to be relieved on the ground that Chavez no longer wanted Gleason to represent him. *See United States v. Chavez*, No. 17-264, Doc. #15, 16 (2d Cir. 2017). The Second Circuit's order directed Chavez to advise whether he had retained new counsel, whether he wished to proceed *pro se*, or whether he desired the Court to appoint counsel pursuant to the Criminal Justice Act of 1964. *Chavez*, No. 17-264, Doc. #16. Although Chavez subsequently filed a request for appointment of counsel, the Second Circuit entered an order on May 8, 2017, striking his request from the docket because it did not comply with the Court's prescribed filing requirements. *Chavez*, No. 17-264, Doc. #28. The Second Circuit also entered an order on April 17, 2017, advising that Chavez's submission was overdue and that his appeal would be dismissed effective May 5, 2017, if he had not responded in the proper form by that date. *Chavez*, No. 17-264, Doc. #25.

Chavez did not respond to these directives, and his appeal remained in appellate purgatory without activity for nearly two more years on the Second Circuit's docket. At last, on April 18, 2019, the Government moved to dismiss the appeal on grounds of Chavez's failure to prosecute. *Chavez*, No. 17-264, Doc. #44. Chavez did not oppose or respond to this motion, but the Second Circuit denied the motion on August 8, 2019, and directed the Clerk of Court to appoint counsel for Chavez unless he advised within 30 days that he wished to proceed *pro se*. *Chavez*, No. 17-264, Doc. #55.

In the meantime, on March 1, 2019, Chavez filed before me the instant *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Doc. #1. He claims in principal part that his counsel rendered constitutionally ineffective assistance of counsel. *Ibid.* On April 19, 2019, the Government filed an opposition to the motion. Doc. #5. Chavez has not filed any reply or other response to the Government's submission.

A federal district court has discretion to dismiss a prisoner's section 2255 motion without prejudice as premature if it is filed while a direct appeal is pending. *See United States v. Jiau*, 536 F. App'x 140, 141-42 (2d Cir. 2013). Dismissal is appropriate not because there is an outright jurisdictional bar to a district court's consideration of a section 2255 motion while a direct appeal is pending, but for reasons of judicial economy because a direct appeal may moot or nullify grounds for a district court's ruling on a section 2255 motion. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *Castillo v. United States*, 2017 WL 2297016 (S.D.N.Y. 2017).

Dismissal without prejudice may well be in a prisoner's interest. Because the law generally limits a prisoner to only one section 2255 motion, *see* 28 U.S.C. § 2255(h), the prisoner may place himself at a disadvantage by litigating matters in a section 2255 motion prior to knowing the outcome of his appeal and when additional grounds for relief or a change in law may also become apparent in the interim. If the prisoner awaits the outcome of the appeal, he may seek leave to amend his section 2255 motion to the extent that there emerge other potential grounds for relief.

On the other hand, a prisoner may believe his best chance for speedy and effective relief is by way of a section 2255 motion, rather than waiting out the potentially lengthy time for an appeal to be decided. Such circumstances may convince a prisoner to seek to forego any possible benefit from knowing the outcome of his direct appeal before pressing forward with his section 2255 motion.

On balance, I conclude that it would be premature for me to adjudicate Chavez's section 2255 motion while the direct appeal remains pending unless Chavez expressly requests that I

adjudicate his motion before the direct appeal is decided. If he does so, he should make clear why he prefers an early adjudication of his section 2255 motion and why judicial economy and the interests of justice would favor early adjudication of his section 2255 motion. Now that Chavez will soon have counsel appointed to represent him for purposes of his direct appeal, he should consult with this counsel about what course of action would best serve his interests.[1]

## CONCLUSION

For the foregoing reasons, the Court DISMISSES without prejudice Chavez's motion for post-conviction relief. The Clerk of Court shall administratively close this case subject to Chavez's filing of a motion to reopen. The case shall be re-opened at such time that Chavez files a request for the Court to adjudicate his motion, whether prior to the conclusion of his direct appeal or afterwards. Because Chavez cannot make a substantial showing that the Court's interim disposition of this motion results in the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter.

It is so ordered.

Dated at New Haven this 13th day of September 2019.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge

---

[1] One additional complication is uncertainty about Chavez's present whereabouts. Both this Court's docket and the Second Circuit's docket reflect that recent mailings to Chavez at prior places of incarceration have gone undelivered. The federal Bureau of Prisons "Inmate Locator" webpage reflects without more detail that Chavez (Inmate #22601-014) is subject to a release date of March 7, 2025, but is "NOT IN BOP CUSTODY." *See Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 13, 2019). The U.S. Attorney's Office is requested to inquire of Chavez's whereabouts and to promptly advise the Clerks of Court for the District of Connecticut and for the Second Circuit of his mailing address so that appropriate notice may be given to Chavez of the status of his legal proceedings and so that Chavez's appellate counsel may contact him.